NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA, Appellant,

v.

Charles W. JONES, Appellee.

No. 2–88–089–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 5, 1989.

---

Cowles & Thompson, and James Gregory Marks, Dallas, for appellant.

Brockermeyer & Associates, and Kae Brockermeyer and Greg Fitzgerald, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This is the appeal of an order of sanctions against a party for abuse of discovery. *See* TEX.R.CIV.P. 215. National Union Fire Insurance Company of Pittsburg, Pennsylvania (National Union) challenges the court-ordered sanctions as an abuse of discretion. Jones responds with two cross-points, the first complaining that National Union has waived its right to appeal these sanctions and the second seeking damages for delay caused by National Union bringing a frivolous appeal. *See* TEX. R.APP.P. 84.

Finding no abuse of discretion in the court-ordered sanctions, we overrule each of National Union's points of error. We also overrule Jones' cross-points because we find National Union did not waive its right to appeal the order of sanctions by its consent to an agreed judgment resolving the principal issue in litigation, and we deny Jones' request for damages under Rule 84, because we do not find the appeal to have been taken for delay.

Jones sued National Union, appealing an industrial accident board award in a worker's compensation claim. Jones alleged his date of injury to be June 27, 1984. Jones filed suit on March 31, 1987 and both parties initiated various discovery requests. On September 21, 1987, Jones requested a preferential trial setting for November 9, 1987. On October 9, 1987, thirty days before the trial setting, National Union filed supplemental responses to plaintiff's request for admissions and interrogatories which had been served on National Union on April 29, 1987, and first answered by it on June 4, 1987. On October 15, 1987, Jones filed his motion for sanctions complaining that National Union was evasive both in its original and supplemental responses to certain requests for admissions and interrogatories. In his motion, Jones sought, as sanctions, various orders: striking National Union's pleadings; refusing to allow National Union to assert any affirmative defense; refusing to allow National Union to call certain witnesses; a finding that Jones' injury was in the course of his employment and a producing cause of permanent and total incapacity; and a finding of all jurisdictional prerequisites. Jones also sought attorneys' fees of $2,500. The trial court considered Jones' motion for sanctions at a hearing on October 23, 1987 and ordered that National Union answer certain of Jones' requests for admissions and pay Jones' attorneys' fees of $1,200. The record on appeal does not include a formal order signed by the court, but does include a statement of facts from the hearing on the motion for sanctions, and the docket sheet containing the trial judge's docket entry of his ruling of sanctions.

■ We will begin by addressing Jones' first cross-point arguing that National Union waived its right to appeal by its agreement to the final judgment. The agreed judgment provided in part that it would not "in any manner, affect the rights of the Defendant to appeal any award of sanctions by the Court for any reason in this lawsuit." Further, the rule providing for sanctions in the event of abuse of discovery provides that an order awarding reasonable attorneys' fees, as in the instant case, shall

be subject to review on appeal from the final order. TEX.R.CIV.P. 215(2)(b)(8). We hold that National Union did not waive its right to appeal discovery sanctions by its agreement to the final judgment because of the expressed reservation of that right. Jones' first cross-point is overruled.

■ National Union's first two points of error assume that the order of sanctions was based upon National Union's responses to Jones' Request for Admissions No. 2, and Interrogatory No. 6. National Union's assumption is incorrect because the docket entry of the sanctions award reflects that the trial court was imposing sanctions because of National Union's response to Requests for Admissions 2 and 3. In the absence of a formal order, it is appropriate that we consider the docket sheet as evidence of the trial court's intent. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986); *N–S–W Corporation v. Snell*, 561 S.W.2d 798, 799 (Tex.1977). Because National Union does not address Request for Admission No. 3, it has failed to pass the test for abuse of discretion in allowing sanctions. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We find no abuse of discretion in the trial court's order of attorneys' fees and of sanctions.

National Union also argues in support of its first two points of error that TEX.R. CIV.P. 215(4)(c) provides the exclusive sanction for failure to properly respond to a Rule 169 request for admission. National Union ignores the fact that Rule 215(4)(b) provides that the provisions of paragraph d of subdivision 1 apply to the award of expenses incurred in relation to a motion complaining of a failure to comply with Rule 169, and that Rule 215(1)(d) provides for reasonable expenses incurred in obtaining an order including attorneys' fees, which is precisely what the trial court ordered.

■ In its third point of error, National Union complains that the trial court deprived it of due process of law by awarding sanctions without giving it a full and fair opportunity to be heard. In its argument under point three, National Union complains the trial court consistently interrupted its attorney, denying him an opportunity to effectively present its argument in opposition to the granting of sanctions. National Union cites no authority which supports its claim of a right to make argument at a hearing on a motion for sanctions. National Union's attorney made no offer of evidence or attempt to testify of his efforts to respond to Jones' discovery requests. National Union's third point of error is overruled.

■ We overrule Jones' second point of error requesting sanctions under TEX.R. APP.P. 84, because in light of the judgment stipulating a reservation of National Union's right to appeal the award of sanctions, we are unable to find that the appeal has been taken for delay only.

The judgment of the trial court is affirmed.