**Pedro FROMMER, Appellant,**

v.

**Consuelo L. FROMMER, Appellee.**

**No. 01–96–01322–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 15, 1998.

**812**

Pamela E. George, Houston, for Appellant.

Shawn Casey, Houston, for Appellee.

Before SCHNEIDER, C.J., and WILSON and ANDELL, JJ.

## OPINION

SCHNEIDER, Chief Justice.

The controlling issue in this case is the effect of a failure to request findings of fact and conclusions of law on our ability to review the trial court's division of the marital estate. We affirm.

## BACKGROUND

Appellant, Pedro Frommer ("Pedro"), and appellee, Consuelo Frommer ("Consuelo"), were married on October 15, 1991. They separated in August 1994. At trial, the issues of child custody, certain tort claims, and Consuelo's claim for fraud and attorney's fees were tried to the jury. The jury answered all issues in favor of Pedro.

After the jury was dismissed, the division of the parties' community estate was tried to the court. The court determined the value of the community estate to be $306,597. The court awarded Pedro $209,355 and Consuelo $97,242. The court also awarded Consuelo two money judgments payable by Pedro for $112,116 and $57,500 respectively. Additionally, the court allocated certain debts to be paid by Pedro in the amount of $412,222 and $87,000 to be paid by Consuelo. Following trial to the bench, neither party requested findings of fact and conclusions of law on any issue presented on appeal.

Pedro appeals the trial court's division of the community estate alleging the trial court: (1) erred in granting a $112,116 judgment against Pedro in favor of Consuelo because it contravenes the jury's verdict on the issue of fraud; (2) erred in the calculation of a $112,-116 judgment and a $57,500 judgment against Pedro in favor of Consuelo that was of such magnitude as to constitute an abuse of discretion; (3) failed to make a just and right division of the estate of the parties; and (4) abused its discretion in dividing the community estate.

## THE ABSENCE OF FINDINGS OF FACT

In his first point of error, Pedro contends the trial court erred in granting Consuelo a $112,116 judgment against Pedro because it contravenes the jury's verdict on the issue of

fraud.[1] Pedro bases his argument on the language of the final judgment, which provides that the judgment was awarded to the Consuelo "to compensate her for consultation fees earned by PEDRO FROMMER but paid into his separate P.A. and as additional equalization of community assets...." Pedro failed to request findings of fact and conclusions of law following the bench trial and now attempts to rely on the findings present in the judgment to support his claim on appeal.

■ When findings of fact and conclusions of law are not requested, the appellate court presumes that the trial court made all necessary findings to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Magill v. Magill*, 816 S.W.2d 530, 532 (Tex.App.—Houston [1st Dist.] 1991, writ denied). In determining whether some evidence supports the judgment, we consider only the evidence most favorable to the judgment and disregard all evidence that is opposed to it or contrary in nature. *See Worford*, 801 S.W.2d at 109; *Ulrich v. Ulrich*, 652 S.W.2d 503, 506 (Tex.App.—Houston [1st Dist] 1983, no writ). The judgment of the trial court must be affirmed if any legal theory of recovery is supported by the evidence. *See In Re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

## FINDINGS OF FACT CONTAINED IN A JUDGMENT

Pedro relies on *Hill v. Hill*, 971 S.W.2d 153 (Tex.App.—Amarillo 1998, no pet.) to support his claim that findings contained in a judgment may be used to support a claim on appeal.[2] We find *Hill* distinguishable and for the reasons set forth below overrule Pedro's first point of error.

At issue in *Hill* was whether findings of fact and conclusions of law contained in a judgment could be used to support a claim on appeal even though the trial court made separate findings at the request of a party. *See id.* at 155–56. The trial court failed to make any specific findings regarding the separate and community estates of the litigants, merely referring the parties to the findings contained in the judgment. *See id.* at 155. The wife in *Hill* argued that her ex-husband waived any right on appeal to claim that the two items were his separate property because he failed to request additional findings on this issue. *See id.* The Amarillo court disagreed.

After a discussion of the history of findings contained in judgments and the resulting enactment of Texas Rule of Civil Procedure 299a,[3] the court held the findings in the judgment could be given effect because no one complained of the error, the judgment confirmed that the property was husband's separate property, and the judgment did not conflict with any of the formal findings by the court. In holding, the court concluded that if there is no conflict between separate findings of fact and conclusions of law and findings contained in a judgment, then those contained in the judgment should still be given effect. *See id.* at 155–56. According to

1. Jury question 9 asked: "Did Pedro Frommer commit fraud with respect to the *community property* rights of Consuelo Letelier Frommer?" The jury's answer was "no."

2. Pedro also argues that the trial court's docket entries support his first point of error. He cites *N–S–W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977); *National Union Fire Ins. Co. v. Jones*, 762 S.W.2d 615, 617 (Tex.App.—Fort Worth 1989, no writ); and *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex.1986) for the proposition that docket entries can be used to supply facts in certain situations. We disagree. While Pedro is correct in his statement of the law, none of the cases he cites involve the use of docket entries when a party fails to request findings of fact and conclusions of law. Additionally, as Consuelo correctly points out, "docket [entries] form no part of the

record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ); *see also Roever v. Roever*, 824 S.W.2d 674 (Tex.App.—Dallas 1992, no writ) (noting that without allegation of clerical error, the court will not examine docket entries in reviewing claims on appeal).

3. Rule 299a provides in pertinent part that:

Findings of fact shall not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes.
TEX.R. CIV. P. 299a.

the court, "to conclude otherwise would be to render meaningless that portion of 299a which dictates how conflicts between findings are to be resolved." *Id.*

■ While we neither approve or disprove of the reasoning in *Hill,* we believe the purpose of Rule 299a is clear. Findings of fact and conclusions of law *shall not* be recited in a judgment. If they are, they cannot form the basis of a claim on appeal. *See R.S. v. B.J.J.,* 883 S.W.2d 711, 715 n. 5 (Tex.App.—Dallas 1994, no writ); *Sutherland v. Cobern,* 843 S.W.2d 127, 131 n. 7 (Tex.App.—Texarkana 1992, writ denied). The *Hill* decision presumes findings of fact and conclusions of law are actually requested and received by the party at trial. In the present case, Pedro failed to request findings of fact and conclusions of law, and now, relying on *Hill,* attempts to circumvent Rule 299a by arguing that findings of fact in the trial court's judgment can be used to support his claim on appeal. Essentially, Pedro argues that because no findings of fact were requested, there is no conflict with those in the judgment, and, therefore, they should be given effect. We reject this argument.

As far back as 1952, the preferred practice was to express findings of fact and conclusions of law in a separate document. *See Stahl v. Westerman,* 250 S.W.2d 325, 326 (Tex.Civ.App.—San Antonio 1952, no writ). While the propriety of findings of fact and conclusions of law in judgments was once a matter of debate, in 1990 the Texas Supreme Court ended the debate once and for all. "Findings of fact and conclusions of law shall not be recited in a judgment." TEX.R. CIV. P. 299a. We believe the purpose behind Rule 299a is to ensure that parties have the opportunity to work within the adversarial process to properly preserve and present their claims on appeal.

## THE DIVISION OF THE COMMUNITY ESTATE

■ When a party fails to request findings of fact, we must affirm the decision of the trial court if any theory of recovery is supported by the evidence. *See In Re W.E.R.,* 669 S.W.2d at 717. In the present case, we find ample evidence in the record to support not only the trial court's decision to award Consuelo a $112,116 judgment payable by Pedro, but also the trial court's award of a $57,500 judgment to Consuelo and its division of the community estate.

■ Section 7.001 (formerly § 3.63) of the Family Code provides: "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM.CODE ANN. § 7.001. In making a just and right division of the community estate, broad discretion is given to the trial court, and this division will not be reversed on appeal unless the complaining party shows that the trial court clearly abused its discretion. *See Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *Powell v. Powell,* 822 S.W.2d 181, 184 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The test for whether the trial court abused its discretion is whether the court acted arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). Furthermore, it is the duty of the appellate court to presume that the trial court properly exercised its discretion in dividing the marital estate. *See Murff,* 615 S.W.2d at 699.

The Texas Supreme Court in *Murff* set forth factors a trial court may consider in dividing the marital estate. These factors include: (1) the education of the parties; (2) their relative earning capacity; (3) the size of their separate estates; and (4) the nature of the community property. *See Murff,* 615 S.W.2d at 699. Pedro argues "that absolutely none of the factors enumerated in *Murff*" justify the division made in the present case. We disagree.

The record reveals that in the year that the divorce was filed, Pedro, a medical doctor, had an annual income of approximately $750,000 and was likely to continue to make between $45,000 and $65,000 per month. Consuelo, on the other hand, had only a high school diploma. During the marriage, Consuelo did not work outside the home and prior to her marriage, earned approximately

$2,000 per month as an interior decorator. Pedro's separate property includes a $250,000 equity in a large home in River Oaks, his professional association valued around $300,000, including art and furnishings purchased for approximately $150,000, a Mercedes-Benz car, and a one quarter interest in a partnership owning and receiving profits from the operation of a dialysis unit. Conversely, Consuelo's separate property consists of only an automobile and certain jewelry that was given to her by Pedro during their marriage.

Moreover, the record indicates that certain liabilities allocated to Pedro were incurred by him in acquiring assets that were awarded to him in the divorce. Other liabilities, including certain loans, were allocated to Pedro based on his extensive use of the proceeds from such loans. *See Goren v. Goren,* 531 S.W.2d 897, 899–900 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dismissed) (holding liabilities of community estate can be considered by trial court in making just and right division of marital estate). Here, the trial court's decision to award Consuelo a $112,116 judgment and its division of the marital estate could have been based on the earning capacity and size of the parties' separate property alone. *See Bokhoven v. Bokhoven,* 559 S.W.2d 142, 144 (Tex.Civ.App.—Tyler 1977, no writ).

We overrule Pedro's first, second, third, and fourth points of errors.

## CONCLUSION

Applying the principle that findings of fact shall not be recited in judgments, and absent findings of fact indicating the reasoning behind the trial court's division of the community estate, we affirm the decision of the trial court.