In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00682-CV
____________

ALAN GURIDI, INDIVIDUALLY, AND FREE-ZEE, INC., Appellants

V.

GREGORY G. WALLER, Appellee
 

 
 
On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 99-62258
 

 
 
O P I N I O N
          This appeal arises from a business dispute. Plaintiff/appellee, Gregory G.
Waller, sued defendants/appellants, Alan Guridi, individually, and Free-Zee, Inc.,
alleging breach of contract and fraud, among other claims. Guridi and Free-Zee
counterclaimed, alleging that Waller had stolen corporate funds and breached an
investment agreement. After a bench trial, the court rendered judgment in favor of
Waller for $80,000 in actual damages and $22,000 in attorney’s fees. We reverse and
remand.
Background
          Guridi created an invention known as the Free-Zee, an insulated, individual
beverage holder. Free-Zee, Inc. (Free-Zee) is a business enterprise formed to
manufacture, market, and license Guridi’s inventions. Waller was an investor in
Free-Zee. Disagreements arose over the representations and promises by Guridi and
Free-Zee to Waller. 
          On December 18, 1995, the parties executed a written settlement agreement
entitled, “Mutual Understandings And Agreements Between Alan Guridi And
Gregory G. Waller” (the settlement agreement). This agreement formed the basis of
the lawsuit below. 
          On appeal, defendants contend that there were are no findings of fact or
conclusions of law to support the judgment on the fraud theory. Additionally, they
argue that the evidence is legally and factually insufficient to support: (1) a finding
of fraud against Guridi, (2) a finding of fraud against Free-Zee, (3) a finding of
breach of contract against Guridi, (4) a finding of breach of contract against Free-Zee,
and (5) the award of damages. 
Fraud
          In issue three, defendants contend that there are no findings of fact or
conclusions of law to support the judgment on the fraud theory.
          The trial court filed findings of fact, but those findings did not mention the
fraud claim. In contrast, the judgment stated that Waller is entitled to judgment
against Guridi and Free-Zee based on the fraud claim, as follows:
Defendants committed fraud in the inducement as to contracts with
Plaintiff. The Court finds Defendants made misrepresentations that
there was a strong management team in place that worked well together
that was capable of making Defendant Free-Zee, Inc., a success, that the
company Free-Zee, Inc. had no past debts or prior obligations for which
any funds of Plaintiff would be used, and that the patent would be
transfered [sic] to Plaintiff as collateral for payment of monies, and that
Plaintiff would receive a salary and his money back, and, until the
money was returned, the salary would be paid if he would put his money
into the hands of Defendants, and then allow his money to remain and
resign as President. The Court also finds that the Defendants acted
fraudulently, maliciously or oppressively in the fraud and
misrepresentations they made in their inducements, and exemplary
damages against Defendants are appropriate. 
          Rule 299a of the Rules of Civil Procedure mandate that findings of fact be
separately filed and not recited in a judgment:
Findings of fact shall not be recited in a judgment. If there is a conflict
between findings of fact recited in a judgment in violation of this rule
and findings of fact made pursuant to Rules 297 and 298, the latter
findings will control for appellate purposes. Findings of fact shall be
filed with the clerk of the court as a document or documents separate
and apart from the judgment.
Tex. R. Civ. P. 299a.
          In Frommer v. Frommer, this Court discussed the purpose of rule 299a. 981
S.W.2d 811, 814 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d). The husband
in Frommer did not request formal findings and attempted to rely on certain findings
contained within the judgment. Id. He argued that, because no findings of fact were
requested, there is no conflict with those in the judgment, and, therefore, they should
be given effect. Id. Rejecting husband’s claim, this Court held, “While the propriety
of findings of fact and conclusions of law in judgments was once a matter of debate,
in 1990 the Texas Supreme Court ended the debate once and for all.” Id.
          In Hill v. Hill, the Amarillo Court of Appeals reached a different conclusion. 
971 S.W.2d 153, 156 (Tex. App.—Amarillo 1998, no pet.). The court considered
whether findings of fact contained in a judgment could support a claim on appeal,
even though the trial court filed separate findings of fact. Id. The trial court did not
make specific findings on two properties; instead, it referred to the findings contained
in the divorce decree, which stated that those two items were the husband’s separate
property. Id. The Amarillo court held that, if there is “no conflict” between
separately-filed findings of fact and findings contained in a judgment, then those
contained in the judgment should still be given effect. Id. at 157. According to the
court, “[t]o conclude otherwise would be to render meaningless that portion of 299a
which dictates how conflicts between findings are to be resolved.” Id.
          We disagree with Hill and continue to follow this Court’s reasoning set forth
in Frommer. See Frommer, 981 S.W.2d at 814. Rule 299a states that “findings of
fact and conclusions of law shall not be recited in a judgment.” Tex. R. Civ. P. 299a. 
The judgment in this case improperly recited the fraud findings. Id. The separately-filed findings of fact control. Id. When findings of fact are filed by the trial court,
they shall form the basis of the judgment upon all grounds of recovery and of defense
embraced therein. Tex. R. Civ. P. 299. The judgment cannot be supported on appeal
by a presumed finding upon any ground of recovery or defense, no element of which
has been included in the findings of fact. Id. With no findings of fact on the entire
fraud claim or on any element of fraud, we may not presume a finding of fraud.


 Id. 
          We sustain issue three. 
          Because our holding in issue three is dispositive, we need not address the
remaining issues and decline to do so. Moreover, the fraud theory was the only claim
referred to in the judgment. Although the trial court’s findings of fact stated that
appellants breached the contract, that claim was not mentioned in the judgment. The
breach of contract claim, therefore, did not form a basis of the judgment in this case. 
Conclusion
          We reverse the judgment of the trial court and remand the cause to the trial
court for proceedings consistent with this opinion.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Jennings, and Duggan.