**Alan GURIDI, Individually, and Free–Zee, Inc., Appellants,**

**v.**

**Gregory G. WALLER, Appellee.**

**No. 01–01–00682–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 16, 2003.

Rehearing Overruled March 14, 2003.

Mary C. Thompson, Ellington & Thompson, Houston, TX for Appellant.

Greg Waller, Coldspring, TX, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and DUGGAN.*

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

ADELE HEDGES, Justice.

This appeal arises from a business dispute. Plaintiff/appellee, Gregory G. Waller, sued defendants/appellants, Alan Guridi, individually, and Free–Zee, Inc., alleging breach of contract and fraud, among other claims. Guridi and Free–Zee counterclaimed, alleging that Waller had stolen corporate funds and breached an investment agreement. After a bench trial, the court rendered judgment in favor of Waller for $80,000 in actual damages and $22,000 in attorney's fees. We reverse and remand.

## Background

Guridi created an invention known as the Free–Zee, an insulated, individual beverage holder. Free–Zee, Inc. (Free–Zee) is a business enterprise formed to manufacture, market, and license Guridi's inventions. Waller was an investor in Free–Zee. Disagreements arose over the representations and promises by Guridi and Free–Zee to Waller.

On December 18, 1995, the parties executed a written settlement agreement entitled, "Mutual Understandings And Agreements Between Alan Guridi And Gregory G. Waller" (the settlement agreement). This agreement formed the basis of the lawsuit below.

On appeal, defendants contend that there were are no findings of fact or conclusions of law to support the judgment on the fraud theory. Additionally, they argue that the evidence is legally and factually insufficient to support: (1) a finding of fraud against Guridi, (2) a finding of fraud against Free–Zee, (3) a finding of breach of contract against Guridi, (4) a finding of breach of contract against Free–Zee, and (5) the award of damages.

## Fraud

In issue three, defendants contend that there are no findings of fact or conclusions of law to support the judgment on the fraud theory.

The trial court filed findings of fact, but those findings did not mention the fraud claim. In contrast, the judgment stated that Waller is entitled to judgment against Guridi and Free–Zee based on the fraud claim, as follows:

Defendants committed fraud in the inducement as to contracts with Plaintiff. The Court finds Defendants made misrepresentations that there was a strong management team in place that worked well together that was capable of making Defendant Free–Zee, Inc., a success, that the company Free–Zee, Inc. had no past debts or prior obligations for which any funds of Plaintiff would be used, and that the patent would be transfered [sic] to Plaintiff as collateral for payment of monies, and that Plaintiff would receive a salary and his money back, and, until the money was returned, the salary would be paid if he would put his money into the hands of Defendants, and then allow his money to remain and resign as President. The Court also finds that the Defendants acted fraudulently, maliciously or oppressively in the fraud and misrepresentations they made in their inducements, and exemplary damages against Defendants are appropriate.

Rule 299a of the Rules of Civil Procedure mandate that findings of fact be separately filed and not recited in a judgment:

Findings of fact shall not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes. Findings of fact shall be filed with the clerk of the court as a docu-

ment or documents separate and apart from the judgment.

Tex.R. Civ. P. 299a.

In *Frommer v. Frommer*, this Court discussed the purpose of rule 299a. 981 S.W.2d 811, 814 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd). The husband in *Frommer* did not request formal findings and attempted to rely on certain findings contained within the judgment. *Id.* He argued that, because no findings of fact were requested, there is no conflict with those in the judgment, and, therefore, they should be given effect. *Id.* Rejecting husband's claim, this Court held, "While the propriety of findings of fact and conclusions of law in judgments was once a matter of debate, in 1990 the Texas Supreme Court ended the debate once and for all." *Id.*

In *Hill v. Hill*, the Amarillo Court of Appeals reached a different conclusion. 971 S.W.2d 153, 156 (Tex.App.-Amarillo 1998, no pet.). The court considered whether findings of fact contained in a judgment could support a claim on appeal, even though the trial court filed separate findings of fact. *Id.* The trial court did not make specific findings on two properties; instead, it referred to the findings contained in the divorce decree, which stated that those two items were the husband's separate property. *Id.* The Amarillo court held that, if there is "no conflict" between separately-filed findings of fact and findings contained in a judgment, then those contained in the judgment should still be given effect. *Id.* at 157. According to the court, "[t]o conclude otherwise would be to render meaningless that portion of 299a which dictates how conflicts between findings are to be resolved." *Id.*

We disagree with *Hill* and continue to follow this Court's reasoning set forth in *Frommer. See Frommer*, 981 S.W.2d at 814. Rule 299a states that "findings of fact and conclusions of law shall not be recited in a judgment." Tex.R. Civ. P. 299a. The judgment in this case improperly recited the fraud findings. *Id.* The separately-filed findings of fact control. *Id.* When findings of fact are filed by the trial court, they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. Tex.R. Civ. P. 299. The judgment cannot be supported on appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact. *Id.* With no findings of fact on the entire fraud claim or on any element of fraud, we may not presume a finding of fraud.[1] *Id.*

We sustain issue three.

Because our holding in issue three is dispositive, we need not address the remaining issues and decline to do so. Moreover, the fraud theory was the only claim referred to in the judgment. Although the trial court's findings of fact stated that appellants breached the contract, that claim was not mentioned in the judgment. The breach of contract claim, therefore, did not form a basis of the judgment in this case.

### Conclusion

We reverse the judgment of the trial court and remand the cause to the trial court for proceedings consistent with this opinion.

---

**1.** This situation differs from one in which only an element of fraud, instead of the entire fraud claim, had been omitted from the findings of fact. When one or more elements have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Tex.R. Civ. P. 299.