Opinion Issued November 10, 2004





                         

 
 

In the
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00987-CV
____________
 
JERICHO GRAPHICS CORPORATION and WILLIAM E. KING,
Appellants
 
V.
 
HENRY H. HAYNES, Appellee
 

 
 
On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2002-29685
 

 

MEMORANDUM OPINION

          Appellants, Jericho Graphics Corporation and William E. King, appeal a
judgment awarding damages to appellee, Henry H. Haynes, for breach of contract. 
We determine whether the trial court erred in entering a take-nothing judgment
against appellants’ statutory fraud counterclaim. We affirm.
 

Facts and Procedural History
          On June 1, 2001, King and Haynes entered into a stock purchase agreement
(“the agreement”) whereby King agreed to purchase all of Haynes’s stock in
Achecubo, Inc., which conducted business as Industrial Printers. When the
agreement was signed, King already owned and operated Jericho Graphics, a printing
company. After the agreement was signed, Industrial Printers began operating as
Jericho Graphics. 
          In section 4.15 of the agreement, Haynes made representations about the
amounts of cash, accounts payable, accounts receivable, work in progress, and
inventory on hand at the time of the agreement’s closing date. However, Haynes’s
representations in the agreement were based on Industrial Printers’s balance sheet
account values as of March 31, 2001. Section 4.09 of the agreement provided that the
purchaser had the right to cause the acquired corporation to offset any undisclosed
liabilities discovered after closing. The agreement’s actual date of closing was June
1, 2001. In July 2001, after the closing of the agreement, another balance sheet was
prepared, which reflected the account values as of the actual closing date. The new
balance sheet reflected a $10,000 decrease in cash, a $15,000 increase in accounts
payable, and an approximately $38,500 decrease in accounts receivable and work in
progress from the values stated in the agreement. Altogether, the account values in
the agreement (based on the March 31 data) were overstated by approximately
$63,500, compared to the values at the actual date of closing. 
          However, during this same time, Industrial Printers experienced a loss of
$8,000 in equity, approximately a $4,000-per-month loss. This loss was consistent
with losses sustained by the company during the previous three months of operation. 
Also during this period, the working capital of the company actually increased by
$31,000. 
          On the same date that the agreement was signed, King and Haynes also entered
into an employment and non-competition agreement (“the employment agreement”),
which stated that Industrial Printers would continue to employ Haynes as general
manager of Industrial Printers for a period of five years, at a salary of $55,000 per
year. The employment agreement further stated that, beginning April 1, 2004 and
continuing thereafter for a period of 24 months, Industrial Printers would pay Haynes
a monthly consulting fee of $3,189.72. Thus, Haynes was guaranteed a total of
approximately $76,500. King guaranteed the consulting fees as the chairman of
Industrial Printers, and also in an individual capacity, thereby personally guaranteeing
payment of the consulting fees to Haynes. The employment agreement required 30
days’ notice to terminate Haynes. 
          On January 25, 2002, King closed down Jericho Graphics. Haynes
subsequently received a paycheck that compensated him for the payroll period ending
January 25, 2002. Although he was officially terminated on January 25, Haynes
continued to work for Jericho Graphics until February 2, helping to complete the
outstanding orders. At the time of Haynes’s termination, Jericho Graphics owed
Haynes outstanding business expenses; Haynes was never compensated for any of
these expenses. Haynes also never received any of the contracted-for consulting fees. 
          At the conclusion of the trial, the trial court asked King’s attorney whether
scienter was an element of both statutory and common-law fraud. Appellant’s
attorney responded affirmatively. Then, the trial court specifically asked again if the
plaintiff had to have knowledge of the misrepresentation, and King’s attorney again
answered, “correct.” 
          In its oral pronouncement, the trial court ruled that Jericho Graphics had to
reimburse Haynes for his outstanding business expenses and for one-half month’s
salary to cover the additional work that he had performed for the company after his
termination. The trial court refused to award Haynes any other post-termination
compensation, ruling that Haynes’s request for that compensation had been waived
pursuant to the terms of the employment agreement. 
          Further, the trial court ruled against King’s counterclaim for statutory fraud
because the element of scienter had not been proven. The court stated that it was
“unable to find, frankly, that he knew that any of the accounting problems or
difficulties in the records or the representations were made knowingly. Therefore .
. . while you have proven the inaccuracy of the representations made, you have not
proved they were done knowingly.” 
          On June 17, 2003, the trial court rendered a judgment consistent with its oral
ruling, and, on July 11, 2003, King filed a motion to modify the judgment, based on
the court’s misstatement of the law regarding scienter’s being an element of statutory
fraud. Haynes filed its response on July 24. The trial court did not modify the final
judgment, allowing the motion to be overruled by operation of law. Standard of Review
          We review conclusions of law de novo and are free to draw our own legal
conclusions. McDermott v. Cronin, 31 S.W.3d 617, 623 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). We uphold the trial court’s conclusions if the judgment can be
sustained on any legal theory supported by the evidence. Connelly v. Paul, 731
S.W.2d 657, 661 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d n.r.e). An
erroneous finding of an immaterial fact or conclusion of law does not mandate
reversal of the judgment if the controlling findings support a correct legal theory. 
Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497, 503 (Tex. App.—Waco 1997,
pet. denied). Although a trial court’s conclusions of law may not be challenged for
factual sufficiency, the trial court’s legal conclusions drawn from the facts may be
reviewed to determine their correctness. Vannerson v. Vannerson, 857 S.W.2d 659,
667 (Tex. App.—Houston [1st Dist.] 1993, writ denied). 
Statutory Fraud Counterclaim
          In a single point of error, appellants contend that the trial court erred in failing
to enter a judgment in favor of their statutory fraud counterclaim because the trial
court based its decision on a misstatement of the law. Specifically, appellants
contend that the trial court’s denial of their counterclaim based on the fact that
appellants had failed to show that Haynes had knowingly made false representations
was erroneous because a claim for statutory fraud does not require proof of intent. 
          A party establishes a statutory fraud claim under section 27.01 of the Business
and Commerce Code by showing (1) a false representation of a material fact (2) made
to induce a person to enter a contract and (3) relied on by that person in entering into
the contract. Tex. Bus. & Com Code Ann. § 27.01(a)(1) (Vernon 2002). 
            A claim for statutory fraud under section 27.01 is “generally less demanding
than common law fraud, imposing liability upon the maker of a misrepresentation
without proof that he intended to deceive or knew that the representation was false.” 
Diversified, Inc.v. Walker, 702 S.W.2d 717, 723 (Tex. App.—Houston [1st Dist.]
1985, writ ref’d n.r.e.); Robbins v. Capozzi, 100 S.W.3d 18, 26 (Tex. App.—Tyler
2002, no pet.); Larsen v. Carlene Langford & Assoc., Inc., 41 S.W.3d 245, 249 (Tex.
App.—Waco 2001, pet. denied). In other words, “statutory fraud differs from the
common law cause of action only in that it does not require proof that the false
representation was made knowingly or recklessly.” Robbins, 100 S.W.3d at 26 (citing
Fletcher v. Edwards, 26 S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. denied)). It
must, however, be made with the intent to induce the claimant into entering the
transaction. Id.
          Appellants contend that the trial court erred in denying their statutory fraud
claim because the trial court based its denial on the fact that appellants had failed to
prove intent on the part of appellee. Appellants rely on the recitation in the trial
court’s judgment that appellants had not proved intent. In response, appellee argues
that the trial court’s decision was correct because statutory fraud does require some
finding of intent and because the evidence shows that Haynes’s misrepresentations
were not material. Despite appellants’ reliance on recitations in the judgment, findings of fact and
conclusions of law cannot be recited in a judgment. Tex. R. Civ. P. 299a; See also
Frommer v. Frommer, 981 S.W.2d 811 (Tex. App.—Houston [1st Dist.] 1998, pet.
dism’d). The trial court made no findings of fact or conclusions of law. When a trial
court makes no separate findings of fact or conclusions of law, and an appellant fails
to file a notice of past due findings of fact and conclusions of law, we must draw
every reasonable inference supported by the record in favor of the trial court’s
judgment and must deem the trial court to have based its judgment on any legal theory
supported by its implied findings. Black v. Dallas County Child Welfare Unit, 835
S.W.2d 626, 636 (Tex. 1992); Wordford v. Stamper, 801 S.W.2d 108 (Tex.1990). In
other words, in the absence of findings of fact and conclusions of law, appellants had
the burden to show that the trial court’s judgment was not supported by any legal
theory raised by the evidence by proving all of the elements of the claim as a matter
of law. Point Lookout West v. Whorton, 742 S.W.2d 277, 279 (Tex. 1987). 
          In this case, appellants have failed to challenge the trial court’s implied
conclusions or the implied findings underlying them. For example, Haynes points to
one reasonable inference supported by the record in favor of the judgment; that
Haynes’s misrepresentations were not material. Appellants have failed to show that
the trial court’s judgment was erroneous by refuting the trial court’s implied findings
relating to the elements (such as materiality) of their claim. We may not reverse a
judgment of the trial court for a reason not raised in a point of error. Walling v.
Metcalfe, 863 S.W.2d 56 (Tex. 1993). Because appellants have not challenged all
inplied findings that could have defeated their counterclaim, we must affirm the
judgment of the trial court. 
          We overrule appellants’ sole point of error.
Conclusion
 
          We affirm the judgment of the trial court. 
                                                                                                                           
 
 
 
                                                                        Tim Taft                                                                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.