ACCEPTED
14-14-00556-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/14/2015 4:13:22 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 14-14-00556-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/14/2015 4:13:22 PM

CHRISTOPHER A. PRINE
Clerk

In The
Court of Appeals
For The
14th District of Texas

_____

YVONNE VILLALON

*Appellant,*

v.

MARIA S. GALINDO

*Appellee.*

_____

On Appeal from the 281st Judicial District Court
Harris County, Texas
Trial Court No. 2011-39836

_____

**Appellant's Sur-Reply to Appellee's Reply-Brief**

_____

Mestemaker, Straub & Zumwalt
David K. Mestemaker
dkm@msandz.com
SBN: 13974600
3100 Timmons Lane
Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8910
Counsel for Appellant

**Oral Argument Requested**

# Table of Contents

**Index of Authorities**........................................................... 3

**Argument**.............................................................................4

*Did the trial court commit reversible error when it ruled against Plaintiff/Appellant's premises liability claim?* ...........................................4

*Did the trial court commit reversible error when it implicitly rendered judgment against Plaintiff/Appellant's negligence claim?* ......................................9

*Did the trial court commit reversible error when it refused to issue Findings of Fact and Conclusions of Law?* ...........................................10

*Did the trial court commit reversible error when it denied Plaintiff/Appellant's motion for new trial, when no response opposing same was filed* ........................12

**Conclusion** ...................................................................... 13

**Prayer** ........................................................................... 14

**Certificate of Service** ........................................................... 14

# INDEX OF AUTHORITIES

## Cases

*Black's Law Dictionary 1233*
(5th Ed. 1979)……………………………...…………….……11
*Black v. Dallas Cty. Child Welfare Unit*
835 S.W.2d 626, 630 n. 10 (Tex. 1992)………………………………........10
*Craddock v. Sunshine Bus Lines, Inc.*
133 S.W.2d 124, 126 (Tex. 1939)…………….……………...………….12
*Frommer v. Frommer*
981 S.W.2d 811, 813-14 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd).4, 5, 6
*Gonzalez v. Razi*
338 S.W.3d 167, 175 (Tex. App.--Houston [1st Dist.] 2011, pet. denied)………...6
*Guridi v. Waller*
98 S.W.3d 315, 316-17 (Tex. App.--Houston [1st Dist.] 2003, pet. dism'd)……...6
*Hill v. Hill*
971 S.W.2d 153, 157 (Tex. App.--Amarillo 1998, no pet.)……………….....4, 5, 6
*In re C.A.B.*
289 S.W.3d 874, 881 (Tex. App.--Houston [14th Dist.] 2009, no pet.)……….…..6
*Kaminetzky v. Dosohs I, Ltd.*
14-14-00410-CV, (Tex. App.--Houston [14th Dist.] 2015, no writ history)……...11
*Tenery v. Tenery*
932 S.W.2d 219, 30 (Tex. 1996)..…………………….…………………...……….11

## Rules and Statutes

Rule 193.6....……….……………………………………………………………6, 8

Rule 296 TRCP………………………………………………………………...11

Rule 297 TRCP………………………………………………………………...10

Rule 3.3.2 of the Harris County Local Rules..…….…………………..…………………12

Texas Rules of Civil Procedure..……….………………………………………...5, 7

Tex. R. Civ. P. 299a..…….……………….…………………………4, 5, 6, 7

## ARGUMENT

**Did the trial court commit reversible error when it ruled against Plaintiff/Appellant's premises liability claim?**

1.     Yes.  Appellee is correct that a trial judge shall not make Findings of Fact and Conclusions of Law in a final judgment.  TRCP Rule 299a is quite specific in this regard.  "Findings of fact shall not be recited in a judgment." Id.  Appellee cites *Hill v. Hill*, 971 S.W.2d 153, 157 (Tex. App. – Amarillo 1998, no pet.) in her brief to suggest that the Judge's failure to issue findings of Fact and Conclusions of Law despite being twice requested to do so is somehow excusable.  Not true, as shown in the following paragraphs and as was demonstrated in Appellant's brief which Appellant incorporates herein as if fully set forth on these pages.

2.     Appellee's Response fails to address the issues presented in Appellant's brief on point of error No. 1: those being the dangerous condition of the stairs as evidenced by the unrefuted testimony of the Plaintiff and the photographs; the scintilla of evidence standard used to prove preponderance of the evidence; how the term unreasonably dangerous is defined; foreseeability; and the risk of harm versus the cost of repairs.  Given that Appellee chose to not respond to any of these issues, all of them are admitted as true for the purposes of this appeal.

3.     The First Court of Appeals has twice considered the purpose of Rule 299a. In the case of *Frommer v. Frommer*, 981 S.W.2d 811, 813-14 (Tex. App. -- Houston [1ˢᵗ Dist.] 1998, pet. dism'd) the Court distinguished *Hill* when it wrote: "While we neither approve

or disprove (sp) of the reasoning in *Hill*, we believe the purpose of Rule 299a is clear. Findings of fact and conclusions of law shall not be recited in a judgment." Id. at 813.

4.     Appellee suggests that because there is no conflict with the findings and conclusions and the comments the trial judge wrote in her final judgment, that the comments in the judgment should be given effect.  Not so.  First, Findings of Fact and Conclusions of Law were requested in the underlying case; twice. (CR 12, 18 and 22). Second, in the trial court's Order regarding Findings of Fact and Conclusions of Law (CR 32) she wrote: "However if findings are necessary, the essential findings and conclusions of law may be found in the Final Judgment." (CR 32)

5.     This statement by the trial judge is the exact opposite of what Rule 299a states and is contrary to the holding in *Frommer*. The Appellee and the trial judge want to hide behind the use of the term "Proposed" versus "Requested" as letting the trial court off the hook in having to prepare and file Findings of Fact and Conclusions of Law and thus there is no conflict.  That paper thin unjustified refusal to follow the intent and meaning of the Texas Rules of Civil Procedure issue has been extensively briefed in Appellant's brief and will be expanded upon here.

6.     The failure to abide by Rule 299a renders the language in the Final Judgment a nullity.  "Essentially, Pedro argues that because no findings of fact were requested, there is no conflict with those in the judgment, and, therefore, they should be given effect.  We reject this argument." *Frommer* at 814.   The First Court went on to explain their reasoning.  "We believe the purpose behind Rule 299a is to ensure that parties have the opportunity to work within the adversarial process to properly preserve their claims on

appeal." Id.  Appellant was denied this Due Process right by the trial court's actions, so it should be reversed and a judgment in the full amount requested by the Appellant should be rendered.

7.      The First Court revisited this issue of how Rule 299a works in the case of *Guridi v. Waller*, 98 S.w.3d 315, 316-17 (Tex. App. – Houston [1st. Dist.] 2003, pet. dism'd.). Therein, the Court again considered *Hill v. Hill* and reaffirmed its holding in *Frommer* when it wrote:  "We disagree with *Hill* and continue to follow this Court's reasoning set forth in *Frommer*."  Id. at 317.  The Court went on to opine that without any separately filed findings of fraud "we may not presume a finding of fraud." Id.  Similarly, without any specific findings on Plaintiff's claims, the Court may not presume they lack merit. When this Court looks at the totality of the case and finds that the Appellee failed to answer any discovery and further, failed to respond to the motion for new trial and failed to attend the hearing, the appropriate remedy is to find for the Appellant and reverse and render a decision in favor of her.

8.      Furthermore, in the cases cited by Appellee of *Gonzalez v. Razi*, 338 S.w.3d 167, 175 (Tex. App. – Houston [1st Dist.] 2011, pet. denied) and *In re C.A.B.*, 289 S.w.3d 874, 881 (Tex. App. – Houston [14th Dist.] 2009, no pet.), the Courts opined that findings of fact found in a final judgment will be allowed as long as they did not conflict with those issued in a separate document.  Id. at 175 and 881 respectively.  Such was not the case here as the trial court refused to issue findings.  A reading of the trial judge's final judgment shows (CR 21) there is nothing mentioned regarding Defendant violating TRCP 193.6, nothing recited regarding Plaintiff's negligence claim, nothing recited about

the slippery condition of the stairs, and no basis for her conclusion that the evidence failed to show that "the sloping stairs at the premises posed an unreasonable risk of harm." (CR 21).

9. So, if the trial judge's final judgment is allowed to stand as is, then Appellant will be denied her constitutional right to know on what basis this trial judge ruled against her. Furthermore, holding against the Appellant could well encourage other trial judges of similar mindsets to hide behind the log and write whatever they want in a final judgment claiming it to be the equivalent of findings of fact and conclusions of law. In fact, the trial judge in the instant case thumbed her nose at Rule 299a when she wrote in what purports to be her findings of fact and conclusions of law when she wrote: "However, if findings are necessary, the essential findings of fact and conclusions of law may be found in the Final Judgment." (CR 32). This is directly opposite of the intent and purpose of the Texas Rules of Civil Procedure.

10. Next, Appellee was mistaken when she wrote that the Court made no ruling on the issue of Appellee never answering any discovery. First, Appellee's counsel attempted to explain his failure to answer the Interrogatories that were propounded to the Appellee more than two and a half years before trial as follows: "I mean, it is basically a situation if you look at the substance of the interrogatories – when I realized that we had – we had purposely not answered them originally." (RR pg. 8, lns. 16-19) Thus, the Appellee intentionally refused to comply with the rules of discovery until a week before the April 23, 2014 trial; a trial setting that had been re-set at the behest of Appellee's counsel from January 27, 2014, as shown on the trial court's Order dated January 27, 2014. (CR 15)

11. "And when I realized that these had not been answered, I answered them at that particular time last week." (RR pg. 8, lns. 21-13) Appellee's counsel failed to explain any good reason of any kind why he hadn't looked at the file prior to the January, 2015 trial setting nor why he forgot that he had intentionally not answered the discovery requests two and a half years earlier.

12. Appellee's counsel restricted what his issues were when he said: "The only area that my client might offer some testimony is in reference to the notice area of the defect she's alleging."; not to offer testimony about the stairs. (RR pg. 11, lns. 4-6) It is unclear as to what "notice area" he is referencing, but notice was amply supplied when Appellant's boyfriend told Appellee's husband about the dangerous condition of the stairs and even offered to help pay for them. (RR pg. 24, lns. 11-18)

13. Following this representation, the Court stated: "Okay. So, according to Rule 193.6: A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce into evidence any material information that was not timely disclosed or offer the testimony of a witness, other than a named party, who was not timely disclosed unless the Court finds one of two things." (RR pg. 11, lns. 7-13) So, the trial court did make a ruling which was in compliance with what the rule requires; no civil trials by ambush.

14. In spite of Appellee counsel's promise to only ask questions on notice, he did not plead notice as an issue, even in the amended original answer that counsel filed on April 15, 2014. (CR 16-17). The only affirmative defense pertinent to this appeal found in the amended original answer was contributory negligence. (CR 16, para. 4)

15.    Appellee did not plead lack of notice nor did she plead that the stairs were not unreasonably dangerous (CR 16-17) nor did she answer any discovery alleging anything, so the basis of the Court's decision is not supported by Defendant's pleadings or the evidence.  The Appellee agreed that it was her responsibility as the landlord to rebuild the stairs. (RR pgs. 66-67, lns. 17-25 and 1-4)  The Appellee was never asked if the stairs were dangerous, only if she agreed that the photos showed them to be sloping and slippery.  (RR pgs. 64, lns. 2-4).  Despite what Plaintiff's photo Exhibit No. 10 clearly shows, the Appellee would not admit that the stairs are sloped.  (RR pg. 64, lns. 2-3)  The Appellee would not admit that the porch had a hole in it that can easily be seen in Plaintiff's Exhibit No. 11. (RR pg. 63, lns. 4-24)  So, the inability to honestly answer an obvious question took away any credibility that the Appellee might have had.

16.    The empirical evidence supporting the finding that the stairs were unreasonably dangerous is overwhelmingly in favor of the Appellant; from the photos that depict the sloping, uneven, slippery stairs (PX 10, 11); to the Plaintiff's testimony describing their condition and her accident (RR pgs. 24, 26, 27 lns. 11-18, 12-14, 22-25 and 1-2 respectively); to the Plaintiff having offered to help repair the dangerous stairs (RR pgs. 23-24, lns. 22-25, 1-13 respectively) before the accident happened.

**Did the trial court commit reversible error when it implicitly rendered judgment against Plaintiff/Appellant's negligence claim?**

17.    The importance of this cause of action not having been adjudicated by the trial court is two-fold.  First, the failure of the trial court to mention Appellant's cause of action in the judge's final judgment (CR 21) nor in the judge's supposed findings of fact

Order (CR 32) for simple negligence demonstrates how sloppy the trial court was with regard to addressing all of the claims pled by Appellant. Second; the failure of Appellee's counsel to address Appellant's negligence claim during the trial indicates how little attention he paid to the Plaintiff's claims also. Thus, Plaintiff's negligence claim still lives.

**Did the trial court commit reversible error when it refused to issue Findings of Fact and Conclusions of Law?**

18. The trial court chose to put form over substance in its clever denial of Appellant's request for findings of fact because the request was entitled "Proposed" versus "Request" (CR 32). "Plaintiff's 'Proposed Findings' do not meet the requirements for a Request for Findings and did not provide proper notice to the Court." (CR 32). There was no question that the findings were timely requested by Appellant (CR 12) and it is worth noting that Appellee's counsel titled his request as "proposed" also (CR 18). The obvious reason why the trial court refused to issue findings of fact in the underlying case is because without them, the appellate courts "will imply all necessary fact findings in support of the trial court's judgment." *Black v. Dallas Cty. Child Welfare Unit*, 835 S.W.2d 626, 630 n. 10 (Tex. 1992)

19. Furthermore, there is no question that Appellant timely filed her Notice of Past Due Findings with the trial court on May 23, 2014 (CR 22) in compliance with Rule 297 TRCP. The trial judge's minimal attempt to comply with the rules resulted in the Order found at CR 32; hardly the format usually seen for findings of fact. In the trial court's Order there is no delineation of what are findings of fact and what are conclusions of law;

nor is what is written therein complete. Also, the Order refers back to the final judgment in contravention of Rule 296 TRCP. All in all, not sufficient.

20.      Contrary to Appellee's comment that a Rule 296 request <u>must</u> be entitled "Request", Rule 296 uses the word "shall"; a word that ordinarily means mandatory. Black's Law Dictionary 1233 (5th. Ed. 1979). However, the dictionary goes on to construe "shall" as "merely permissive or directory (as equivalent to 'may'), to carry out the legislative intention and in cases where no right or benefit to any one depends on its being taken in the imperative sense…" <u>Id</u>. at 1233. More than one hundred (100) cases were read to see if any had ever been decided upholding a trial court's refusal to issue findings of fact based on a misnomer in the title. None were found. So, the legislative intent is carried out by using either the word "proposed" or "requested" because no right or benefit to anyone depends on its being taken in the imperative sense.

21.      What is important is that the trial court's not filing findings of fact is presumed to be harmful. "Error is harmful if it prevents an appellant from properly presenting a case to the appellate court." *Tenery v. Tenery*, 932 S.W.2d 219, 30 (Tex. 1996). That is the case here. Appellant is in a vacuum as to what reasoning, if any, the trial court relied upon to render its decision. So, Appellant moves this Court to reverse the trial court and render a decision in favor of the Appellant to correct the trial court's abuse of discretion or remand the case to the trial court with instructions for the trial court to issue findings of fact as was recently so ordered in *Kaminetzky v. Dosohs I, LTD*, 14-14-00410-CV, (Tex. App. – Houston [14th Dist.] 2015, no writ history).

**Did the trial court commit reversible error when it denied Plaintiff/Appellant's motion for new trial, when no response opposing same was filed?**

22.     A close reading of Appellee's argument on this point of error reveals that the Appellee approached the motion for new trial the same way she handled the discovery requests propounded to her during the discovery phase of the case. That is to say, that Appellee did nothing; did not oppose the motion for new trial and did not show up at the hearing for the motion for new trial.

23.     At the hearing the same arguments that are being made here at the appellate level were made, without opposition, to the trial judge. (RR motion for new trial pgs. 4-5, lns. 14-25 and 1-21) The unrefuted evidence and arguments of counsel made at the motion for new trial gave rise to the same quixotic result from the trial judge as that which occurred in the trial; that is, denied, for no good reason. (CR 33).

24.     While the trial judge noted in her Order on the motion for new trial that she is aware of Rule 3.3.2 of the Harris County local rules, she failed to make any finding that the failure to respond to the motion for new trial equaled no opposition. Had the trial judge made that finding she would have had no choice but to grant the motion for new trial and clearly, the trial judge did not want to reverse herself.

25.     In her appellate brief, Appellee offers no explanation as to why she did not respond to the motion; she offers no good reason why she did not respond or to not show up at the hearing; no *Craddock* factors, nothing at all. For this reason, Appellant moves this Court to reverse the trial judge and render a judgment for Appellant for $25,350.25,

the sum of the amounts requested during Plaintiff's closing argument (RR pg. 79-80, lns. 21-25 and 1-22) or removed for a new trial.

**CONCLUSION**

26.     Appellant / Plaintiff Yvonne Villalon again urges this Court to reverse and render a decision in favor of Appellant on her premises liability claim, because there is much more than scintilla of evidence that Appellee knew before the accident that the stairs were unreasonably dangerous, because they were slippery, sloped and uneven, and because Appellant told Appellee and Appellant's boyfriend and offered to help repair them. Appellant was a tenant and Appellee had a duty to repair the stairs to make the premises reasonably safe for Appellant/Invitee. Appellee did not make the repairs that her husband said he would make and as a direct consequence, Appellant was badly injured.

27.     Appellant / Plaintiff Yvonne Villalon further urges this Court to reverse and render a decision in favor of Appellant, because there is more than scintilla of evidence that Appellee was negligent in that she had a duty, to provide Appellant a reasonably safe set of stairs; a duty that she breached. The stairs in question were not safe, because they were glossy, slick and severely sloping and the cost of repairing them was very small when compared with the risk of injury from a fall. The Appellee breached her duty when she did not repair the steps (again even though her husband said he would), and as a direct consequence, Appellant was badly injured.

28.     Should this Court decide that a new trial is the fairest way of deciding these issues, Appellant moves this Court to reverse the trial court and remand the case to the trial court for a new trial.

29.    For all of these reasons, Appellant / Plaintiff moves this Court to reverse and render a decision in her favor or in the alternative, to remand the case back to the trial court for a new trial.

## PRAYER

For these reasons, Appellant asks this Court to reverse and render a decision on her case, or in the alternative, remand the matter back to the trial court for a new trial.

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:  */s/ David K. Mestemaker*
    David K. Mestemaker
    dkm@msandz.com
    abocanegra@msandz.com
    TBN 13974600
    FBN 14410
    3100 Timmons Lane, Suite 455
    Houston, Texas 77027
    (713) 626-8900 Telephone
    (713) 626-8910 Telecopier

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing instrument was served on:

Robert Cruz
Attorney at Law
7614 Park Place Blvd.
Houston, Texas 77087

In compliance with Rule 9.5, Tex. R. App. P., on this 14th day of May, 2015.

*/s/ David K. Mestemaker*
David K. Mestemaker