United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-10257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY E. T. INGRAM,

Defendants-Appellant,

BRENDA INGRAM,

Movant-Appellant.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:04-CV-868)

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Reviewing the district court's conclusions of law *de novo* and findings of fact for clear error, we affirm for the following reasons:

1.  The proof that the Trust check funds came from Mrs. Ingram's parents' estate was inadequate. TEXAS FAM. CODE § 3.003(b) (Vernon 1998) ("The degree of proof necessary to establish that property is separate property is clear and convincing evidence."). Mrs. Ingram's testimony alone was insufficient to rebut the community presumption. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.) ("mere testimony that property was purchased with separate funds, without any tracing of the funds, is insufficient to rebut the community presumption"). The presumption of community property under Texas law is dispositive. TEXAS FAM. CODE § 3.003(a) (Vernon 1998).

2.  Furthermore, for the reasons given below, the Schwab account consisted of commingled funds, and without clear evidence of transactions affecting that account, the Ingrams failed to overcome the statutory community property presumption.

3.  The Ingrams also argue that the district court erred in finding that they failed to show by clear and convincing evidence that the additional $400.00 used to start-up the Schwab account represented John Hancock funds that were part of Mrs. Ingram's inheritance from her parents' estate. The only evidence in the record relating to the source of the $400.00 was: (1) a December 15, 1997 letter from Schwab to Monument Investments indicating a $400.00 deposit; and (2) Mrs.

2

Ingram's testimony. The letter indicates that, contrary to Mrs. Ingram's testimony, the $400.00 was not used to start-up the Schwab account, but was deposited into a different account. There is no evidence in the record to show the source of the $400.00, other than Mrs. Ingram's testimony that the $400.00 derived from John Hancock funds that were part of her inheritance, which as stated above, is insufficient to rebut the community presumption. *Boyd,* 131 S.W.3d at 612. Accordingly, the district court did not err in finding that the Ingrams failed to rebut by clear and convincing evidence the community property presumption, and thus, the $400.00 was community property. TEXAS FAM. CODE § 3.003(a) & (b) (Vernon 1998).

4.    The district court found that, since the Schwab account consisted of commingled funds, and Mrs. Ingram failed to provide clear evidence of the transactions affecting the Schwab account, there was no need for it to separately discuss the testimony and exhibits, pertaining to the deposit of $4,237.08 into the Schwab account on January 15, 1998. We agree. When separate and community property are commingled in a manner defying segregation, it is presumed that the entire fund consists of community property. *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973). This presumption can be overcome by showing, through tracing, that the separate properties that went into the account never came out. *Hill v. Hill*, 971 S.W.2d 153, 158 (Tex. App.—Amarillo 1998, no pet.). In tracing, we must indulge in two presumptions: (1) separate funds deposited into the account sink to

3

the bottom, and (2) community funds are withdrawn first. *Id.* To satisfy the burden of proof imposed on them, the Ingrams must have shown that the separate funds ($4,237.08) were deposited into the Schwab account and that the balance of the Schwab account never reached zero. *Id.* If the Ingrams had done this, then we would presume that the balance contains separate property equaling the amount of the separate funds initially deposited less withdrawals that encroached upon the deposit. *Id.* However, as the district court found, the Ingrams failed to provide any statements showing activity on the Schwab account or the balance of the account for its six-year existence. The only documentary evidence provided concerning the status of investments and transactions during the Schwab account's six-year existence was the December 15, 1997, item showing the opening of the account, the item showing a withdrawal of $8,827.00 from the account in April 2004, and the item showing a deposit of $4,237.08 to the account. Accordingly, the Ingrams failed to show through tracing that the $4,237.08 never came out of the Schwab account. *Id.* The burden to overcome the statutory presumption was on the Ingrams and we cannot say that they have sustained that burden.

AFFIRMED.