**Reverse and Remand and Opinion Filed December 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00548-CV

## IN THE INTEREST OF J.P.M., V.M. AND A.M., CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-22610**

# MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Rosenberg[1]
Opinion by Justice Rosenberg

Nury Morrissey appeals certain provisions of the Final Divorce Decree (the Decree) by which she was ordered to pay Patrick Morrissey child support and medical support. She complains necessary factual findings were not made separately from the findings in the Decree, the support obligations calculated by the trial court were incorrect, and the court did not provide a reduction in child support as each child reached majority. Nury also contends the trial court erred in admitting the former testimony of unavailable witnesses.

Patrick concedes error with respect to the trial court's determination of Nury's net resources for calculating her obligation to pay medical support. As an alternative for affirming the award of medical support, Patrick claims that the minimum wage should have provided the basis for Nury's net resources. Otherwise he offers he offers a remittitur and reformation to lessen the

---

[1] The Hon. Barbara Rosenberg, former Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

obligation.  Patrick also concedes error for the failure to provide a reduction in child support. Again he offers remittitur and reformation.

We overrule Nury's issues regarding inclusion of the factual findings in the Decree and the admission of evidence, but sustain her complaints regarding the amount she was ordered to pay in medical and child support.  We also reject Patrick's voluntary remitter and request that we reform the Decree, because fact issues exist and require the trial court's resolution.  Accordingly, we reverse and remand.

## FACTUAL BACKGROUND

Patrick sued Nury for divorce. During trial, Patrick testified about his income and resources, including lacking health insurance and having no access to private health insurance.  He also testified he had previously been the trustee of Nury's supplemental social security income (SSI), and believed she was still receiving $750 per month in SSI.  Nury did not appear for trial, and no other evidence regarding Nury's current income—or her ability to work—was admitted. During the trial, the court admitted the transcript of testimony by Patrick, Nury and a third party, George Bannon, taken at a prior hearing.

The trial court entered the Decree, and at Nury's request, also entered separate Findings of Fact and Conclusions of Law (the Findings of Fact).  Pursuant to the Decree, Patrick was designated as sole managing conservator of the couple's three minor children and Nury was ordered to pay Patrick child and medical support calculated by using Nury's SSI as evidence of her net resources. Nury was ordered to pay $100 per month for medical support, as additional child support.  The Decree did not include any "step-down" provision reducing Nury's obligations as each child reached eighteen or otherwise no longer necessitated her financial. Nury's appeal followed.

## DISCUSSION

**A.     The standard of review in divorce proceedings**

An abuse of discretion standard governs child support issues arising in a divorce proceeding. *Iliff v. Iliff,* 335 S.W.3d 74, 78 (Tex. 2011); *In the Interest of A.T.,* No. 05-16-00539, 2017 WL 2351084, at *11 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.).  Orders pertaining to health insurance are included within the same standard of review. *In Interest of D.P.B.*, No. 05-17-00185-CV, 2018 WL 3014628, at *3 (Tex. App.—Dallas June 15, 2018, no pet.) (mem. op.) ("A trial court's order pertaining to health insurance for the children will not be reversed on appeal unless the complaining party can show a clear abuse of discretion.").  The trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff*, 339 S.W.3d at 78 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)).  A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id.* at 78 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)).  Under the abuse of discretion standard applied in family law cases, legal and factual sufficiency challenges are relevant factors in determining whether the trial court abused its discretion, rather than independent grounds for asserting error. *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.—Dallas 2012, pet. denied).  In evaluating an abuse of discretion in this context, we first consider whether the trial court had sufficient evidence upon which to exercise its discretion, then determine if the trial court erred in the application of its discretion. *Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).  If some evidence of a "substantive and probative character" supports the trial court's decision, no abuse of discretion occurred. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). We review all evidence in the light most favorable to the judgment, and assume the fact finder resolved all disputed facts in favor of its findings, if a reasonable fact finder could do so. *Moroch,* 174 S.W.3d at 858.

**B.** **Asserted Errors**

**1.** **All necessary findings of fact regarding medical and medical insurance coverage were included in the Decree.**

In her first issue, Nury complains the trial court abused its discretion in ordering Nury to pay medical support, because it failed to make factual findings regarding the status or availability of coverage for the children, or the manner in which health care coverage was to be provided. The Findings of Fact did not address any aspect of health care coverage. The Decree, on the other hand, included a finding that neither parent had access to private health insurance at a reasonable cost, and for each child ordered Patrick to continue coverage under a governmental medical assistance program or health plan. The Decree further ordered Patrick to continue medical coverage for each child by continuing to pay all applicable fees and premiums, so long as child support was payable for that child. Nury was ordered to pay Patrick $100 per month as cash medical support and additional child support, dates on which those payments were specified, and those payments were due "until termination or modification of" the child support obligations for all children encompassed by the Decree.

Texas courts are required to order child support and medical support in suits affecting the parent-child relationship. TEX. FAM. CODE ANN. §§ 154.008, 154.181(a). Medical support includes medical insurance coverage. TEX. FAM. CODE ANN §§ 154.181(d), 154.182. When the trial court awards either, section 154.181(d)(1) of the family code requires:

(d) On rendering a final order the court shall:

(1) make specific findings with respect to the manner in which health care coverage is to be provided for the child, in accordance with the priorities identified under Section 154.182; . . .

TEX. FAM. CODE ANN. § 154.181.

Although findings of fact should be filed as a separate document rather than included in a decree or judgment, findings that do not conflict with separately filed findings are given effect. *In*

*re U.P.*, 105 S.W.3d 222, 229 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Hill v. Hill,* 971 S.W.2d 153, 156 (Tex. App.—Amarillo 1998, no pet.). Accordingly, because the Decree included the necessary factual findings and did not conflict with any Findings of Fact, we overrule Nury's first issue.

### 2. Nury's SSI should have been excluded from her net resources and precluded application of the minimum wage presumption

In her second issue, Nury contends the trial court erred by ordering her to pay more than nine percent of her annual resources for medical insurance coverage for the children. Relying on her $750 monthly SSI, Nury asserts nine percent of her annual income was $810 thus allowing a maximum monthly payment of only $67.50. Patrick concedes error and responds with a cross-point, contending since "net resources" available for child support obligations exclude SSI, the trial court should have relied on the wage presumption provided by family code section 154.068. According to Patrick, application of the presumption yields $1,120.71 as Nury's monthly net resources, thereby revealing the trial court's award of $100 per month in medical insurance coverage was less than nine percent of Nury's annual resources and not an abuse of discretion. In the alternative, Patrick offers a $22.50 monthly remittitur regarding Nury's medical support obligation. We conclude the trial court abused its discretion and remand for resolution of factual issues unresolved by Patrick's voluntary remittitur.

In determining child support obligations, including medical support, a trial court must calculate each party's "net resources." TEX. FAM. CODE ANN. § 154.062; *In re P.C.S.,* 320 S.W.3d 525, 532-33 (Tex. App.—Dallas 2010, pet. denied). Although the statute mandates inclusion of most resources, "supplemental security income" is expressly excluded. *Id.* at § 154.062(a)(5). Thus, the trial court abused its discretion in misapplying the law by including Nury's SSI in calculating her net resources.

We also reject Patrick's invitation to reform the Decree by applying the wage and salary presumption provided by section 154.068. That statute provides that "in the absence of evidence of a party's net resources" courts should presume the party for whom other evidence is lacking "has income equal to the federal minimum wage for a 40-hour week." TEX. FAM. CODE ANN. § 154.068(a). Here, while the trial court lacked evidence of Nury's net resources that could be used for calculation of support, her unrebutted receipt of SSI demonstrated a disability. *See, e.g., Pickens v. Pickens,* 62 S.W.3d 212, 215-16 (Tex. App.—Dallas 2001, pet. denied) (disability pursuant to which one spouse may become entitled to spousal support may be inferred from the testimony of lay fact witness); *see also* 42 U.S.C. § 423(D)(1)(A) (Entitlement to SSI benefits requires evidence demonstrating "disability," which means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"); *see also, e.g., Chang v. Denny*, No. 05-17-01457-CV, 2019 WL 3955765, at *11 (Tex. App.—Dallas Aug. 22, 2019, n.p.h.) (mem.op.) (affirming admission of evidence that plaintiff was assessed at 100% disability and received social security benefits as evidence of loss of earning capacity).

We decline to apply a presumption of income equal to the federal minimum wage for a 40-hour week the application of which depends on the absence of evidence regarding resources, where the record indicates instead an inability to earn. *See, e.g., Iliff,* 339 S.W.3d at 82 (trial court assessing child support on earnings potential rather than actual earnings should be supported by the record, as well specific findings); *see also In Interest of Hidalgo*, 938 S.W.2d 492, 498 (Tex. App.—Texarkana 1996, no writ) ("*In the absence of evidence that an obligor is unemployable,* it is appropriate to apply the presumption that the party has wages equal to the federal minimum wage for a forty-hour week.") (emphasis added). Moreover, because Nury's disability may be

partial, limited to certain functions, or temporary, additional evidence should inform resolution of Nury's obligation to pay medical or other support. *See In re P.C.S.*, 320 S.W.3d at 533 ("After determining the obligor's net resources and the percentage of net resources the obligor would pay under the guidelines, the trial court then considers whether any additional factors would justify varying from the guidelines."); TEX. FAM. CODE ANN. § 154.123 (listing additional factors relevant to child support assessment). We conclude the presumptive income supplied by family code section 154.068(a) has no application here. And because the evidence of disability income does not provide evidence to support the award of medical support, we reject Patrick's offer of remittitur. Accordingly, we sustain Nury's second issue and deny Patrick's cross-point.

### 3. The trial court erred in failing to include a step-down provision

Nury contends the trial court abused its discretion in failing to comply with family code section 154.127, which required the Decree to include provisions terminating support for each child as they reached maturity, graduated from high school, or was emancipated, and reducing support for each remaining child accordingly. *See* TEX. FAM. CODE ANN. § 154.127 ("(a) A child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines."). Patrick concedes error, but offers a remittitur conforming Nury's support obligations to the requirements of the statute.

We agree the trial court abused its discretion in entering a decree without the progressive reduction required as each of the parties' three children reach maturity. *Deltuva v. Deltuva,* 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.). Because we also sustain Nury's second issue and remand for further proceedings with respect to Nury's net resources, we decline to reform the Decree with respect to this error, and instead remand for correction.

**4.      Nury failed to preserve error regarding admission of prior testimony without evidence of unavailability**

In her last issue, Nury complains the trial court abused its discretion in admitting the testimony of George Bannon from a prior hearing.  Specifically, she contends Patrick failed to establish the predicate unavailability required by rule 804.  *See* TEX. R. EVID. 804 (former testimony not excluded as hearsay where declarant is unavailable as a witness).  We are unable to determine whether admission of the evidence at issue would constitute reversible error.  Based upon our resolution of Nury's second and third issues and because we remand, however, we need not address Nury's fourth issue.

We overrule Nury's first and fourth issues and Patrick's cross issue, but sustain Nury's second and third issues.  We reverse and remand for further proceedings regarding the trial court's net resources findings and the portions of the Decree imposing Nury's child support obligations, including her medical support obligation.

/BARBARA ROSENGERG//
BARBARA ROSENBERG
JUSTICE, ASSIGNED

180548f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.P.M., V.M. AND A.M., CHILDREN,

No. 05-18-00548-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-14-22610.
Opinion delivered by Justice Rosenberg. Justices Whitehill and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment in which it utilized supplemental social security income to determine Appellant Nury Morrissey's net resources and calculate her medical support obligation as child support. We also **REVERSE** that portion of the trial court's judgment which assessed appellant's child support obligation with no reduction as each child reached the age of maturity or otherwise negated appellant's obligation to provide financial support as provided by TEX. FAM. CODE ANN. § 154.127. We remand to the trial court to calculate appellant's medical support obligation and include the step down reduction in accordance with our opinion. In all other respects, the trial court's judgment is **AFFIRMED**.

We order each party to bear their own costs.

Judgment entered this 12th day of December 2019.